UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————

| | | |
|---|---|---|
| MATTHEW DAVID GLEASON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-412 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| SECRETARY OF EDUCATION, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is one out of a series of civil actions brought *pro se* by plaintiff. Plaintiff's complaint is labeled as a "Complaint for Mandamus Relief."[1] (ECF No. 1, PageID.1). Plaintiff named "Madam Secretary of Education" as the defendant. (*Id.*).

The Court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. (ECF No. 11). Under the provisions of federal law, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see Davis-Bey v. Michigan*, No. 14-12167, 2014 WL 2746086, at *1 (E.D. Mich. June 17, 2014). For the reasons set forth herein, I recommend that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. Further, I recommend that plaintiff be warned that if he continues filing such

---

[1]"There is one form of action – the civil action." FED. R. CIV. P. 2. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Other labels that plaintiff placed on his complaint are inconsequential.

patently deficient complaints he may be denied the privilege of proceeding *in forma pauperis* in future lawsuits.

## Discussion

### I.      Factual Allegations

Plaintiff's complaint contains no factual allegations. (ECF No. 1 at PageID.1-2). The exhibits attached to the complaint consist of a July 15, 2013, letter from the Department of Veterans Affairs and email messages dated February 18, March 28 and 31, 2014. (*Id.* at PageID.4-6). Plaintiff filed this lawsuit on May 5, 2017.

### II.     Failure to State a Claim

A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon,* 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht,* 617 F.3d at 893 (quoting *Iqbal,* 556 U.S. at 678-79). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at

678. In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's factual allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that the Court dismiss plaintiff's complaint for failure to state a claim. Plaintiff has failed to plead any facts regarding defendant, much less facts sufficient to state a claim on which relief can be granted.

III.    **Sanctions**

Proceeding *in forma pauperis* is a privilege and not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *see also Glick v. Townsend*, 15-35587, __ F. App'x __, 2017 WL 393738, at *1 (9th Cir. Jan. 30, 2017); *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed without prepayment of fees and costs is a privilege, not a right" and courts have discretion to revoke that privilege when it no longer serves its goals). It is well established that federal courts have inherent powers to impose appropriate sanctions to deter future frivolous lawsuits and/or relitigation of the same lawsuit and frivolous and vexatious litigation. *See Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995).

Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. *See Day v. Day*, 510 U.S. 1, 5 (1993). A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *See In re McDonald*, 489

U.S. 180, 184 (1989); *see also In re Sindram*, 498 U.S. 177, 179-80 (1991) ( "The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous [claims]."). " 'Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit....' " *Ohio v. Ealy*, Nos. 1:09-cv-245, 1:09-cv-246, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (quoting *United States v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995)). "It is well-settled that a plaintiff's *pro se* status does not give him a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 900 (5th Cir. 2009).

Federal district courts necessarily have considerable discretion in drafting orders restricting a litigious party's access to courts. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (given the plaintiff's "near obsession regarding his former employer, injunctive means [was] the only means that offer[ed] any chance of preventing further harassment"); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *see also Haddad v. Mich. Nat'l Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2 (W.D. Mich. June 10, 2010) (listing a "variety of sanctions" federal courts have imposed to curb abusive lawsuits). Both the Supreme Court and the Sixth Circuit have reaffirmed the district court's inherent authority to take action to prevent abuse of the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir.

1997); *accord First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002).

Where a litigant has a clear pattern of abusing the privilege of proceeding *in forma pauperis*, the Court may deny him the privilege of initiating any further actions *in forma pauperis*. *See Martin v. Dist. of Columbia Ct. of App.*, 506 U.S. 1, 3 (1992) (*per curiam*); *see also LeBlanc v. Lightvoet*, 136 S. Ct. 1191 (2016); *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Weber v. Lousiville Metro. Police Dep't*, No. 3:16-cv-779, 2017 WL 1293019, at \*2-3 (W.D. Ky. Apr. 5, 2017); *LaMie v. Smith*, No. 1:12-cv-1299, 2014 WL 1686145, at \*21-22 (W.D. Mich. Apr. 29, 2014). I recommend that plaintiff be warned that if he continues filing such patently deficient complaints he may be denied the privilege of proceeding *in forma pauperis* in future lawsuits.

## Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted  I recommend that plaintiff be warned that the Court may deny him the privilege of proceeding *in forma pauperis* in future lawsuits.

Dated:  June 20, 2017                    /s/  Phillip J. Green
                                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).